(18 Misc. Rep. 584.)

BROWN v. THIRD AVE. R. CO.

(City Court of New York, General Term.  December 10, 1896.)

EVIDENCE—OPINION OF PHYSICIAN.
    In an action for loss of services of plaintiff's wife, a physician who has
    attended her for two years may give his opinion whether her ailments are
    permanent.

Appeal from trial term.

Action by Linsey Brown against the Third Avenue Railroad Company for loss of the services of his wife, whom he alleged was injured by defendant's negligence.  From a judgment on a verdict for plaintiff, and from an order denying a motion for a new trial, defendant appeals.  Affirmed.

Argued before FITZSIMONS and O'DWYER, JJ.

John V. Bouvier, for appellant.

W. B. Donihee, for respondent.

O'DWYER, J.  This action was brought to recover damages for loss of the services of the plaintiff's wife, who, as alleged, was permanently injured while a passenger on the defendant's railroad, solely by reason of the neglect of the agents and servants of the defendant.  The answer is substantially a general denial, and contains the affirmative allegation that the injuries claimed to have been sustained by the plaintiff's wife, if any there were, were caused solely and in part by her own negligence, carelessness, and improper conduct, or by the carelessness of some third person or persons over whom the defendant had no control.

It appears that the plaintiff's wife, Christina Brown, on the evening of the 27th day of February, 1894, proceeded with her husband to a church which was situated between 156th and 157th streets on Amsterdam avenue.  They became passengers on one of the defendant's cars, and, when they had arrived at 157th street and Amsterdam avenue, plaintiff signaled the conductor to stop the car, with which the latter duly complied.  It then appears that, when the car was stopped, the plaintiff and his wife arose, and walked to the rear part thereof, the plaintiff preceding his wife, and that, when the former had reached the platform, he saw approaching him, at what he designated as "terrible speed," another car, whereupon plaintiff jumped off the car upon which he was a passenger.  His testimony continues:

"And as I jumped off the car, the dashboard of the car struck me right on the leg.  It did not exactly fling me on my face.  And when the car struck this car, of course I jumped off.  Then I turned around, and gets hold of my wife. She was on the car, stooped over."

Plaintiff then testified that he found his wife in a helpless condition, and that he had to carry her to the platform of a saloon that was on the sidewalk; that he was assisted in doing so by the conductor in charge of the car.

The witness Tucker testifies:

"As soon as this car stopped, a car was following behind it a short distance, and finally it ran into this car. I was on the opposite side of the car. I saw several persons in the car, and, when the car struck the foremost car, these people seemed to stagger together, bobbing from the car to the side of the car; and I ran over, and, when I got there, the conductor and this Mr. Brown were assisting his wife off. They carried her over to the opposite side of the church, in front of a saloon, and there she sat; and an officer came up, and I said, 'Mr. Brown, you had better send for an ambulance,' and with that he spoke to the officer, and the officer rang up an ambulance. I stood there till the ambulance came, and, when the ambulance came, Mrs. Brown was carried in the rear of the saloon, and a surgeon from the hospital went in with Mrs. Brown, and stayed there about fifteen or twenty minutes."

The plaintiff's wife was then assisted home, and that night Dr. Campbell was called in, and he found her in a very nervous state, and she seemed to be in great pain. He made an examination, prescribed for her, and afterwards continued visiting her professionally until the latter part of June, 1894. It also appears that the plaintiff's wife had been prevented, by reason of the injuries so received, from performing her usual household duties, and from doing work as a laundress, that she was able to do before the accident. We are therefore of the opinion that the motion to dismiss the case at the close of the plaintiff's case, and at the conclusion of the evidence, was properly denied.

In June 1894, Dr. Hudson was called upon to visit the plaintiff's wife professionally. He made an examination of the patient at the time he was called in, and gives the result of that examination. He then testifies:

"She has been under my treatment up to the present time, off and on. I knew her personally before she was injured, but not professionally. I knew her physical condition then. She was apparently a very strong, healthy woman. After I called to see her she was practically an invalid, and she is in that condition now, as far as I know."

The witness was then asked:

"Q. In your opinion, is she likely to recover fully? (Defendant's counsel objects as incompetent, immaterial, and irrelevant. Admitted. Defendant excepts.) A. No, sir."

It is now urged: (1) That it was error on the part of the trial judge to admit this isolated and hypothetical question; that it called for the expression of an opinion from the medical expert; and that the question involved no limitation of the field of observation over which the mind of the witness might range, and no restrictions tending to confirm his conclusions to the facts strictly at bar, but to any fact that may have existed long prior to the accident itself, or to independent facts subsequent thereto, and is unidentified with it. (2) That the question, in effect, failed to embrace all the elements by which the probable permanency of the injury should have been determined. We are of the opinion that the question was not objectionable, within the rule requiring the opinion of an expert to be based upon the facts proven, or fairly within the scope of the evidence. The witness did not form his opinion from the testimony adduced upon the trial, or from any other hearsay evidence. He was the attending physician of the patient. He had made an ex-

amination, and found certain conditions to exist, and treated them professionally for nearly two years, and it was entirely proper for him to give his opinion as to the probable permanency of the same. He did not claim that the physical ailments he discovered were the result of the injuries received in the accident, or that they might have been caused thereby. He simply testified to the physical ailments he found the patient suffering with, and to the likelihood of her recovery therefrom. Whether these ailments resulted from the accident was for the jury to say. The other exceptions are without merit, and need no discussion.

Judgment and order appealed from should be affirmed, with costs.

FITZSIMONS, J., concurs.